**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000538
03-SEP-2025
08:04 AM
Dkt. 70 SO**

NO. CAAP-24-0000538


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
JACOBE AKIU, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-22-0001265)


**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, McCullen and Guidry, JJ.)


Jacobe **Akiu** appeals from the *Judgment of Conviction and Sentence* entered by the Circuit Court of the First Circuit on July 10, 2024.[1] We affirm.

A grand jury indicted Akiu for Kidnapping his former girlfriend **SK**; Abuse of Family or Household Members; Assault in the Third Degree of SK's son, **TD**; Burglary in the First Degree, Attempted Assault Against a Law Enforcement Officer (**LEO**) in the First Degree, and five counts of Violation of a Temporary Restraining Order (**TRO**). He pleaded not guilty as to all counts. He later changed his plea on the five TRO violation counts to no contest.

---

[1] The Honorable Rowena A. Somerville presided.

A jury found Akiu guilty of Kidnapping, Abuse of Family or Household Members in the Presence of a Household Member Less than 14 Years of Age, Assault in the Third Degree, and Criminal Trespass in the First Degree as an included offense of Burglary in the First Degree. Akiu was found not guilty of Attempted Assault Against a LEO. He was sentenced to concurrent terms of 20 years for Kidnapping, 5 years for Abuse of Family or Household Members, and 1 year on each of the other counts on which the jury found Akiu guilty. This appeal followed.

Akiu states three points of error:

**(1)** Akiu contends "[t]here was insufficient evidence presented at trial to convict Akiu of the crimes charged." We consider the trial evidence "in the strongest light for the prosecution" to determine "whether there was substantial evidence" to support the verdict. State v. Williams, 149 Hawaiʻi 381, 392, 491 P.3d 592, 603 (2021).

Akiu testified at his trial. So did SK, TD, and several other witnesses. The testimony of SK, TD, and the other witnesses, and the State's photographic evidence, support the verdict. Akiu argues the jury should have believed him, not the other witnesses and photographs. But we may not "interfere with the decision of the [jury] based on the witnesses' credibility or the weight of the evidence." State v. Mitchell, 94 Hawaiʻi 388, 393, 15 P.3d 314, 319 (App. 2000). There was sufficient evidence to support the verdict.

**(2)** Akiu contends the trial court erred by giving the jury an Arceo instruction, also called a *unanimity* instruction. A unanimity instruction is appropriate when the State introduces evidence of multiple acts to prove one charged offense. In such a case, the State must either elect one act to establish the conduct element of the offense, or the jury must be instructed that each of them must agree the same act has been proved beyond a reasonable doubt. State v. Arceo, 84 Hawaiʻi 1, 32-33, 928 P.2d 843, 874-75 (1996).

Here, Akiu was charged with kidnapping SK "[o]n or about September 26, 2022, to and including September 30, 2022[.]" Kidnapping was thus charged as a continuing offense — that is, "a continuous, unlawful act or series of acts set on foot by a single impulse and operated by an unintermittent force, however long a time it may occupy, or an offense which continues day by day[.]" Arceo, 84 Hawaiʻi at 18, 928 P.2d at 860 (cleaned up). Because Akiu was charged with a continuing offense, a unanimity instruction was not required. State v. Mundon, 121 Hawaiʻi 339, 350, 219 P.3d 1126, 1137 (2009).

Just because a unanimity instruction was not required does not mean it was error to give one. "[T]he real question becomes whether there is a reasonable possibility that error might have contributed to conviction." State v. Nichols, 111 Hawaiʻi 327, 334, 141 P.3d 974, 981 (2006).

The jury was instructed:

> The law allows the introduction of evidence for the purpose of showing that there is more than one act upon which proof of an element of an offense may be based. In order for the prosecution to prove an element, all twelve jurors must unanimously agree that the same act has been proved beyond a reasonable doubt.

The State presented substantial evidence that Akiu intentionally or knowingly restricted SK's movement to interfere substantially with SK's liberty by force, threat, or deception, with intent to inflict bodily injury upon SK or subject SK to a sexual offense, "by a series of acts constituting a continuing course of conduct" from September 26 to 30, 2022. See Hawaii Revised Statutes §§ 707-700 (2014), 707-720(1)(d) (2014); Mundon, 121 Hawaiʻi at 351, 219 P.3d at 1138.

The unanimity instruction required all twelve jurors to agree on which of Akiu's acts restricted SK's liberty, rather than simply agree on Akiu's course of conduct from when he got SK and TD from Makapuʻu on September 26 until the police arrived at the Kāneʻohe McDonald's four days later. That increased the State's burden of proof, reducing the likelihood of a conviction.

There was no prejudice to Akiu. The Circuit Court's giving the unanimity instruction was harmless error.

**(3)** Akiu contends there was prosecutorial misconduct because the State argued "a continuing course of conduct after electing a single incident of restraint." *Prosecutorial misconduct* is "a legal term of art that refers to any improper action committed by a prosecutor, however harmless or unintentional." State v. Willis, 156 Hawaiʻi 195, 204, 572 P.3d 668, 677 (2025).

Here, Akiu moved for judgment of acquittal after the State rested. He argued "there's insufficient evidence of intentional knowing restraint of" SK.

The State responded, "there are *multiple instances* within the testimony where you have certainly threats of force to restrain [SK]. Our argument is that *throughout the entire course of the time*, those threats were hanging over her head as she felt restrained." (Emphasis added.)

Akiu stated, "I see where the State's coming from. They're trying to say it's a psychological restraint."

The Circuit Court noted, "I think they're arguing both, actually." The Circuit Court denied Akiu's motion.

Contrary to Akiu's argument, the State did not "elect[] a single incident of restraint."

During closing, the State argued: "From September 26, 2022, at night, when SK was picked up with TD, to September 30th, 2022, when she finally summoned the courage and asked meekly to a bystander to please call the police because her ex-boyfriend is holding her and her son against their will, throughout that entire period of time, the defendant kidnapped [SK] and [TD.]" That was consistent with the State's opposition to Akiu's motion for judgment of acquittal.

There was no prosecutorial misconduct.

**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

The July 10, 2024 *Judgment of Conviction and Sentence* is affirmed.

DATED: Honolulu, Hawaiʻi, September 3, 2025.

On the briefs:

Walter J. Rodby,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge